■ Lenore Benson, Respondent, v Doherty Moving Corporation, Defendant, and Sutton Manor Owners, Inc., et al., Appellants. — Order of the Supreme Court, New York County (S. J. Crane, J.), entered October 21, 1982, which denied the motion of defendants, Sutton Manor Owners, Inc., and Brown Harris, Stevens, Inc., to compel plaintiff to accept their answer, reversed without costs of the appeal, on the law, the facts and in the exercise of discretion and the motion granted upon condition that the moving defendants pay to plaintiff $2,000 costs of the motion within 20 days after the entry of the order herein. In the event that the moving defendants shall fail to pay the costs as aforesaid the order is affirmed, with costs. Plaintiff is tenant in premises 430 E. 56 Street, New York City. In October, 1981 the building was converted into co-operative ownership at which time the sponsor transferred title to the building to Sutton Manor which retained Brown Harris as its managing agent. Plaintiff did not purchase her apartment and the proprietary lease to the apartment was taken over by the sponsor which remained her landlord under the lease existing at the time of the transfer of title to the co-operative. On January 28, 1982 the sponsor obtained a default order of eviction against plaintiff. Thereafter, on February 25, 1982 Doherty Moving Corporation

entered plaintiff's apartment and removed her furnishings and belongings, apparently retained by the sponsor to do so under a warrant of eviction. Subsequently, plaintiff brought action against the sponsor, contending that the first notice to her of the eviction proceeding was the removal of her property. As a result of these latter proceedings the warrant of eviction was vacated and she was restored to possession. On May 12, 1982, plaintiff brought this action contending that Doherty had damaged her property in the process of removal and storage and against the co-operative corporation and its managing agent for damages for her removal because the lobby staff at the building negligently failed to notify her that the papers initiating the eviction proceeding had been left with them for delivery to her and in failing to deliver to her a second copy which had been sent to her by the process server through the mail. The summons and complaint were sent by Sutton Manor to its insurer. The insurer acknowledged receipt of these documents on June 8, 1982. Thereafter plaintiff twice extended the insurer's time to answer. On granting the second extension, which expired on July 21, 1982, plaintiff's counsel notified the insurer that he was being pressed by his client and that no further extensions would be granted. Notwithstanding this admonition the insurer orally requested a further 30-day extension on July 20. This request was rejected. It was followed by a written notification from the plaintiff's attorney to the insurer that if the insurer did not have an answer in plaintiff's attorney's office by July 28, 1982 any service attempted thereafter would be rejected. The insurer's answer arrived at the office of the plaintiff's attorney on August 16. It was rejected. The insurer then moved on August 27 to compel the plaintiff to accept its answer. Special Term denied the motion. We would reverse conditionally. That the defendant's insurer was guilty of law office failure is too obvious for comment. However, such dereliction is no longer a bar to relief. (CPLR 2005, 3012, subd [d]). More importantly, the question is whether defendants have a meritorious defense. It was the sponsor which brought the eviction proceeding and obtained the order of eviction. The moving company was retained by the sponsor to remove and store the plaintiff's property. Notably, the sponsor is not made a party to this action. We are not informed whether there is another action pending against it. At the least, there are serious questions as to the merit to the action in the absence of complicity between the sponsor and the moving defendants, and none is alleged. In these circumstances we are of the opinion that defendants should be permitted to defend, particularly in light of the brevity of the default. However, considering the actions of the insurer, and particularly in light of the insurer's disregard of the express statement of the plaintiff's attorney that no further adjournment would be granted we deem it appropriate to impose substantial costs as a condition to compelling plaintiff to accept their answer. Concur — Asch, Silverman and Bloom, JJ.

Sullivan, J. P., and Milonas, J., dissent in a memorandum by Sullivan, J. P., as follows: We find no abuse of discretion in Special Term's denial of the motion to compel acceptance of an untimely answer, and would affirm. The chronology of events from commencement of the action to default is not in dispute. The summons and complaint were served on Sutton Manor Owners, Inc., and Brown, Harris, Stevens, Inc., the owner and managing agent, respectively, of the building known as 430 East 56th Street, New York City, on May 27, 1982, and received by their insurer on June 8, 1982. On June 17, 1982, one day past the date an answer was due, the time to answer was extended, at the insurer's request, to July 1, 1982. In consenting to the request, plaintiff's counsel emphasized that his client was concerned about any delay. Defendants failed to answer by July 1. No request for an additional extension was made at that time. Nevertheless, no default was taken. On July 15, 1982, two weeks after an

answer was due, a further extension was requested and granted until July 21, 1982. Plaintiff's counsel emphasized that no further extension could be given. Notwithstanding, on July 29, 1982, with one day left in which to serve an answer, defendants' attorneys requested a further extension of 30 days. The request was denied. Despite his refusal to extend defendants' time to answer beyond July 21, 1982, on July 23, 1982, plaintiff's counsel received a proposed stipulation providing for an extension of time to August 20, 1982. That same day counsel wrote to defendants' attorney rejecting their request. In his letter he detailed the foregoing chronology and spoke of the embarrassment caused him by the delay. He agreed, however, to accept an answer if it was received by July 28, 1982. Defendants' attorneys received this letter no later than July 26, 1982. Not until two and one-half weeks later, on August 12, 1982, however, did defendants answer. That answer, a nine-paragraph document, consisting basically of a general denial and three boilerplate affirmative defenses, was rejected on August 16, 1982, the day it was received. In justification of their failure to interpose a timely answer defendants argue that their attorneys did not receive the summons and complaint until shortly before the July 21 deadline. They also cite the brevity of the default, two weeks, and the relative insignificance of the delay involved, seven weeks from the date on which the answer was originally due to the date of actual service of the answer. But this is not a case of an innocent or inadvertent default. What is involved is a cavalier disregard of the statutory rules of practice, the rights of plaintiff and the normal courtesy due a brother at the bar who made every effort to accommodate opposing counsel. Instead of complying with statutory requirements and honoring their commitments, defendants' attorneys arrogated to themselves the right to set the timetable in which they would answer. It was the judicial tolerance of "excuses" such as the one proffered here which wrought *Barasch/Eaton,* the inflexibility of which recent legislation (CPLR 2005, 3012, subd [d]) was intended to ameliorate. This legislation, however, it not a mechanism to vacate defaults which are inexcusable. As for the merits, plaintiff alleges that Sutton Manor and Brown, Harris breached their contractual obligation to provide 24-hour-a-day doorman and related front door services as well as an intercom telephone system and a secure depository for mail, as a result of which jurisdiction was purportedly obtained over her in an eviction proceeding. She alleges that the process server claimed an attempted service on her at her apartment at a time when she was present. Yet, she had no notice of such attempted service. Thereafter, copies of a notice and petition were allegedly mailed to her at 430 East 56th Street, but she never received such mailing. As a result a default judgment was entered against her. Two months later, while she was away on an extended business trip, she was evicted and all her furniture and personal effects removed from the apartment. The judgment was thereafter vacated and plaintiff restored to possession. Her furniture, works of art and clothing, however, were allegedly damaged in an amount in excess of $27,500. Other than to enter a general denial, defendants simply assert, through the affidavit of an account executive of the managing agent, lack of any knowledge of the eviction. This does not constitute a showing of a meritorious defense. (See *Investment Corp. v Spector,* 12 AD2d 911.) Thus, as Special Term correctly held, defendants' motion fails for lack of a justifiable excuse and showing of a meritorious defense.